CARLTON, J.,
dissenting:
¶ 10. I respectfully dissent from the majority’s opinion. The record reflects that Callie was on SJHS’s property to attend drama practice at the PAC. I respectfully submit that the circuit court erred in granting summary judgment, in favor of the school district because a question of material fact exists as to whether JCSD fulfilled its duty of ordinary care to'' keep Callie and the other, students safe. See Pearl Pub. Sch. Dist. v. Groner, 784 So.2d 911, 915 (¶¶ 14-17) (Miss.2001) (stating that .ordinary care and reasonable steps must be taken to minimize risk to students). See also Miss.Code Ann. § 37-9t69 (Rev.2013) (discussing the general responsibilities of Mississippi public schools).
¶ 11. In Lang v. Bay St. Louis/Wave-land School District, 764 So.2d 1234, 1240-41 (¶¶ 26-29) (Miss.1999), the Mississippi Supreme, Court recognized that a school district’s statutory duty to control and discipline students constituted a ministerial duty. The supreme court further recognized that the school possessed a duty to supervise students and to maintain a safe environment at school-sponsored events on school premises. Id. In Lang, a student was injured on school premises after a school-sponsored band concert when he fell off a brick wall while waiting for his ride home. Id. at 1235 (¶¶ 1-3). The supreme court determined that whether the school provided the necessary supervision at the school-sponsored event constituted a ministerial duty. Id. at 1240-41 (¶¶26-29).
¶ 12. In the present case, SJHS owed Callie the duty to provide the supervision necessary for a safe environment at this school-sponsored drama practice held on *657 school premises. As a result, the circuit court’s grant of summary judgment should be reversed, and this case should be remanded to determine whether the school fulfilled its duty to Callie. Therefore, I respectfully dissent from the majority’s opinion.
JAMES, J., JOINS THIS OPINION.